NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID JAMES WARD,<br><br>            Plaintiff,<br><br>            v.<br><br>R. MARTINEZ, WARDEN,<br>            USP ALLENWOOD<br><br>            Defendant, | **OPINION**<br><br>Civ. No. 10-418 (WHW)<br>Crim No. 96-061 (WHW) |

**Walls, Senior District Judge**

Petitioner David James Ward seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is denied.

**BACKGROUND**

On July 10, 1996, Petitioner David James Ward ("Ward") pled guilty to an Information charging him with kidnaping in violation of 18 U.S.C. § 1201. On January 7, 1997, this Court sentenced Ward to 720 months incarceration, and Ward appealed. On November 17, 1997, the Court of Appeals affirmed the conviction and sentence.

On January 20, 2010, Ward filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, asserting that his guilty plea was "constitutionally infirm" because this Court "failed to prove subject matter jurisdiction at the onset of the case." Ward argued that, because this Court

**NOT FOR PUBLICATION**

did not obtain a "Removal Authorization Form, [sic] from the State of New Jersey, [sic] to the federal government," the Court's "actions in this case" were "prohibit[ed]."

**LEGAL STANDARD**

Section 2241 of Title 28, which grants district courts the right to issue writs of habeas corpus, states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). The Third Circuit has held that "where petitioner challenges the effect of events 'subsequent' to his sentence on that sentence, the habeas corpus remedy in 28 U.S.C. s 2241 is an appropriate remedy." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Such subsequent events may include "issues relating to parole" and "prison disciplinary actions." Casado v. Morris, Civ. No. 98-2654, 1998 WL 665378, at *2 (D.N.J. Sept. 28, 1998).

Section 2255 of Title 28 reads:

> A prisoner in custody under sentence of a [federal] court . . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In contrast to the post-sentencing focus of Section 2241, Section 2255 was intended to serve "as a remedy to correct erroneous sentences resulting from events in the trial court at or before sentencing." Gomori v. Arnold, 533 F.2d at 874. Accordingly, "[c]laims attacking the legality of a sentence are properly brought under 28 U.S.C. § 2255." Casado v. Morris, Civ. No. 98-2654, 1998 WL 665378 (D.N.J. Sept. 28, 1998). The Antiterrorism and Effective Death Penalty Act of 1996, effective on April 24, 1996, provides:

**NOT FOR PUBLICATION**

> A 1-year period of limitation shall apply to a motion under [Section 2255]. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final. . . .
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**DISCUSSION**

Although Ward's petition is styled as a petition for a writ of habeas corpus under Section 2241, the petition rests on his claim that this Court was without jurisdiction to sentence him – a claim that falls squarely within the provisions of Section 2255. See 28 U.S.C. § 2255(a) ("A prisoner... claiming the right to be released upon the ground that.... *the court was without jurisdiction to impose such sentence*... may move the court... to vacate, set aside or correct the sentence.") (emphasis added). Because Ward attacks the legality of his sentence and does not challenge events that occurred "subsequent" to sentencing, his petition should have been brought pursuant to Section 2255, not Section 2241. See Aikens v. United States, Civ. No. 09-3706, 2009 WL 3130970, at *1-2 (D.N.J. Sept. 25, 2009). His claim is not cognizable under Section 2241 and must be denied.

Moreover, even if this Court were to construe Ward's petition as a motion for relief under Section 2255, the motion would be barred by Section 2255's one-year statute of limitations.[1] Because Ward did not file a petition for certiorari, his conviction became final 90 days after it was affirmed by the Court of Appeals. Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999). Because Ward's conviction was affirmed on November 17, 1997, his conviction was final

---

[1] Indeed, Ward may have brought his petition pursuant to Section 2241 because, unlike Section 2255, Section 2241 is "a statute without timeliness or successive petition limitations." Aikens v. United States, 2009 WL 3130970 at *2.

NOT FOR PUBLICATION

on February 15, 1998 – in which case any motion under Section 2255 would have been barred after February 15, 1999, and Ward's current petition is untimely by more than a decade.

The only scenario in which Ward would have been able to move under Section 2255 after February 15, 1999 is one in which the statute of limitations would be tolled until such time as facts supporting Ward's claim could have been discovered through the exercise of due diligence. Ward has cited no facts to support his claim that "the federal government" failed to obtain a "Removal Authorization Form" from "the State of New Jersey," and has made no assertion that these facts were not discoverable at the time of his conviction. Even assuming that such facts exist and were not discoverable until after the time that his conviction became final, Ward has not made any showing that such facts could not have been discovered in the many years that elapsed between his guilty plea and this petition. He certainly has not made any showing that such facts could only have been discovered during the one year preceding Ward's January 20, 2010 petition for relief.

Ward's petition is denied as improper under Section 2241 and untimely under Section 2255.

It is on this 29th day of March, 2010:

ORDERED that David James Ward's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DENIED.

                                                 **s/ William H. Walls**
                                                 United States Senior District Judge